2005 OK CIV APP 18

**Kathleen HANLON, Plaintiff/Appellant,**

v.

**BOARD OF REVIEW OF THE OKLA-HOMA EMPLOYMENT SECURITY COMMISSION, Oklahoma Employment Security Commission, Assessment Board of the Oklahoma Employment Security Commission, Oklahoma Department of Rehabilitation Services, Defendants/Appellees.**

**No. 99,495.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Feb. 15, 2005.

Kathleen M. Hanlon, Edmond, Appellant, Pro Se.

David T. Hopper, Employment Security Commission, Oklahoma City, for Appellee OESC.

Kathryn Bass, Assistant Attorney General, Oklahoma City, for Appellee Department of Rehabilitation Services.

REIF, Presiding Judge.

¶ 1 This appeal concerns the eligibility of Kathleen Hanlon to receive unemployment compensation following the termination of her working relationship with the Oklahoma Department of Rehabilitative Services. Ms. Hanlon is a medical doctor whose work for DRS involved performing disability determinations under a contract that was terminable upon 30 days notice. Dr. Hanlon has contended that she was an employee, while DRS has maintained that she was an independent contractor.

¶ 2 The Oklahoma Employment Security Commission initially determined that Dr. Hanlon was an employee and commenced

paying her benefits over the objection that DRS filed in response to her claim. The Commission gave DRS notice of this determination and also issued a tax assessment to DRS based on the compensation DRS paid to Dr. Hanlon and other similarly situated disability evaluators. DRS did not appeal the Commission's benefit determination to the Appeal Tribunal as provided in 40 O.S.2001 § 2–603, but did appeal the tax assessment to the Assessment Board pursuant to 40 O.S.2001 § 3–305. The Assessment Board set aside the assessment finding that Dr. Hanlon and the other disability evaluators were independent contractors. Under § 3–305, only the Commission and employer are parties to the Assessment Board proceeding and are the only parties that can seek judicial review of the Board's decision in the district court.

¶ 3 The Commission appealed the Assessment Board decision to the district court, but also "redetermined" Dr. Hanlon's eligibility to receive benefits based on the Assessment Board ruling. When the Commission ceased paying benefits based on the Assessment Board ruling. Dr. Hanlon filed an appeal with the Appeal Tribunal, pursuant to 40 O.S.2001 § 2–603, to challenge the Commission's decision to discontinue benefits.

¶ 4 The Appeal Tribunal dismissed Dr. Hanlon's appeal on the ground it was "inappropriate to conduct a separate appeal before the Appeal Tribunal when the substantive issue involved [in her single claim] has already been adjudicated by the Assessment Board [as to a class of individuals that included Dr. Hanlon] and [that substantive issue] is now before [the] District Court." The Appeal Tribunal concluded "[t]he issue involved [whether claimant was an employee or independent contractor] will stand or fall with the decision rendered by [the] District Court."

¶ 5 Dr. Hanlon appealed the Appeal Tribunal decision to the Board of Review as provided by 40 O.S.2001 § 2–606. In her statement to the Board of Review, Dr. Hanlon complained that she received no notice of the appeal by DRS to the Assessment Board and was denied the right to participate in and be heard at the Assessment Board hearing, other than as witness via telephone.

Without addressing Dr. Hanlon's due process challenge, the Board of Review adopted the findings of fact and conclusion(s) previously adopted by the Appeal Tribunal and affirmed the dismissal of Dr. Hanlon's appeal.

¶ 6 Thereafter, Dr. Hanlon timely appealed the Board of Review's decision to the district court as provided by 40 O.S.2001 § 2–610. In the course of responding to Dr. Hanlon's appeal from the Board of Review, the Commission asked the district court to consolidate Dr. Hanlon's district court appeal from the Board of Review with the Commission's district court appeal from the Assessment Board that was still pending. These appeals were not consolidated and the district court separately affirmed the Assessment Board decision on September 3, 2002, and affirmed the Board of Review decision on June 6, 2003.

¶ 7 Dr. Hanlon timely appealed the district court judgment of June 6, 2003, which is the basis for review by this court. Dr. Hanlon has noted that she was not a party to the Assessment Board proceeding, or the district court appeal of the Assessment Board decision, in explaining why she did not appeal the district court order affirming the Assessment Board decision. The Commission did not appeal the district court order affirming the Assessment Board decision, and the decision of the Assessment Board, as affirmed by the district court, is final.

¶ 8 In this appeal, Dr. Hanlon has basically argued that the determination of the Assessment Board, as affirmed upon district court review, is not binding on her nor preclusive of her right to litigate her employment status through the Appeal Tribunal/Board of Review process. Dr. Hanlon stresses that she was not a party to the appeal of the tax assessment that DRS filed with the Assessment Board, or the subsequent district court review of the Board's decision. She argues that before her rights can be adversely determined or affected by any decision, she is entitled to notice of the hearing at which her rights will be determined, and must be afforded a meaningful opportunity to participate in such hearing or, at least, be heard concerning the issues being determined. Dr. Hanlon asserts that she did

not receive due process prior to the Assessment Board deciding she was an independent contractor, and was denied due process to challenge the Commission's discontinuance of benefits to her based on the Assessment Board decision.

¶9 The Commission and DRS have, in essence, argued that the issue of whether Dr. Hanlon was an employee or independent contractor was common to *both* the Commission's determination of benefits *and* to the tax assessment of the compensation paid to Dr. Hanlon and other similarly situated medical evaluators. The Commission and DRS suggest that the Assessment Board was the first appeal review of this issue and its decision should not be re-examined by other appellate tribunals. The Commission and DRS believe that the Assessment Board decision was dispositive upon its affirmance by the district court.

¶10 In reviewing the record and applicable law, we agree with the Commission and DRS that the question of whether Dr. Hanlon was an employee or an independent contractor is a common dispositive issue both for determining Dr. Hanlon's entitlement to benefits and for determining the liability of DRS for taxes on the compensation paid by DRS to Dr. Hanlon and others similarly situated. We disagree, however, that the determination of that issue by the Assessment Board in the context of determining the liability of DRS for taxes assessed by the Commission is likewise determinative of Dr. Hanlon's entitlement to benefits under the facts of this case.

¶11 Perhaps the best rationale to support this conclusion is found in the Commission's district court brief. The Commission's district court brief recounts:

The Notice of Determination that Dr. Hanlon was entitled to receive unemployment benefits was made under the provisions of §§ 2–504 and 2–507 [while the OESC] assessment made to DRS was made under the provisions of § 3–305.... Notices under ... those sections give rise to the right to appeal the determination or the assessment made. But, the appeals are handled under different sections of the Employment Security Act.

The Commission's district court brief further states that Dr. Hanlon "received notice under § 2–507 of the Act that she was going to receive unemployment benefits" and also recounts: "Notice was also given to DRS under § 2–507 that Dr. Hanlon was receiving unemployment benefits."

¶12 The Commission's district court brief further recounts that the "assessment made to DRS was made under the provisions of § 3–305" and that "DRS protested *the assessment* made against it." (Emphasis added.) There is no mention, however, of DRS ever filing an appeal with the Appeal Tribunal as provided by § 2–603, to challenge the determination that Dr. Hanlon was entitled to benefits, after receiving notice of that determination as provided by § 2–507.

¶13 The district court brief of DRS does not dispute the district court brief of the Commission on any point concerning the notices nor does it recount the filing of an appeal of the determination of Dr. Hanlon's entitlement to benefits, as provided in § 2–603. While it is clear that DRS appealed the tax assessment, it is equally clear that DRS did not appeal the initial determination that Dr. Hanlon was entitled to benefits. Nothing in the Employment Security Act recognizes or even suggests that an appeal of a tax assessment under § 3–305 of Article 3, *Contributions*, can serve as an appeal of a determination of entitlement under the Filing Claims–Notice provisions, Part 5 of Article 2, *Benefits*, or can be pursued in lieu thereof. Indeed, appeals of determinations under part 5 of Article 2 are expressly governed by the Appeals provisions, Part 6 of Article 2, *Benefits* (*i.e.*, §§ 2–601 through 2–614). *See* 40 O.S.2001 § 2–601.

¶14 Aside from the differences in the appeal process, an appeal by DRS to the Appeal Tribunal under § 2–603 was critical because it was the only available remedy that afforded due process to *both* DRS *and* Dr. Hanlon in deciding her employment status. In an appeal to the Assessment Board under § 3–305, the Commission and employer are the only parties to the hearing by the Assessment Board and the only parties authorized

to seek judicial review of the decision of the Assessment Board.

¶ 15 DRS was a "party entitled to notice of a determination" under § 2–603 and had received notice under § 2–507 that Dr. Hanlon was receiving benefits. As such, DRS was given the right to appeal the determination of Dr. Hanlon's entitlement to benefits within ten days after the date of mailing or delivery of the notice, as provided by § 2–603. In the absence of good cause shown, the appeal time cannot be waived. 40 O.S. 2001 § 2–614. Thus, an unappealed determination becomes final at the end of the ten-day period.

¶ 16 By statute, "any right, fact, or matter in issue, directly passed upon or necessarily involved in a determination or redetermination which has become final, . . . shall be conclusive for all the purposes of this act as between the Commission, the claimant, and all employers who had notice of such determination, redetermination, or decision." 40 O.S.2001 § 2–608. In particular, "any determination, redetermination or decision as to rights to benefits shall be conclusive for all the purposes of this act and shall not be subject to collateral attack by any party." *Id.*

¶ 17 In the case at hand, the Commission's initial determination that Dr. Hanlon was entitled to benefits was an unappealed final "determination . . . as to [her] rights to benefits" that became "conclusive for all the purposes of this act and [beyond] collateral attack by any party," including DRS in its subsequent challenge of the tax assessment. That is, DRS was free to challenge, and the Assessment Board was free to decide, the tax liability of DRS on the compensation DRS paid to all of its contract disability evaluators, except Dr. Hanlon.

¶ 18 The preclusive controlling decision in the case at hand was the unappealed initial determination of Dr. Hanlon's eligibility, and not the subsequent decision by the Assessment Board. As such, it was not subject to "redetermination" as the Commission and DRS have alternatively argued. By statute, the Commission may reconsider a determination *only* when (1) an error in computation or identity has occurred, (2) pertinent wages have been newly determined and were not considered in making the determination, and (3) benefits have been allowed or denied or the amount fixed on the basis of misrepresentation or mistake of material facts. 40 O.S.2001 § 2–506. The Commission's initial determination of Dr. Hanlon's eligibility was not deficient in any of these ways. There was no error in computation or identity, nor misrepresentation or mistake of material facts. The Commission was fully aware that DRS was disputing Dr. Hanlon's eligibility on the ground she was an independent contractor. The Commission's decision that Dr. Hanlon was eligible for benefits was a legal determination that was made by resolving disputed facts, and was subject to appellate review by the Appeal Tribunal as provided by § 2–603. When DRS failed to appeal this determination, it became "conclusive for *all* the purposes," including reconsideration or redetermination. Finally, the decision of the Assessment Board would not constitute "newly determined" wages, because the unappealed initial determination was "not . . . subject to collateral attack by any party."

¶ 19 Dr. Hanlon's appeal of the purported "redetermination" to the Appeal Tribunal, Board of Review, district court and this court was clearly proper and preserved her right to relief by this court. Based on the foregoing review of the record and applicable law, we reverse the district court judgment and remand with directions for the district court (1) to set aside the Board of Review's affirmance of the Appeal Tribunal dismissal of Dr. Hanlon's appeal, and (2) to direct the Board of Review to reverse the Appeal Tribunal dismissal and enter an order for payment of all past, current and future benefits to which Dr. Hanlon is entitled.

¶ 20 REVERSED AND REMANDED WITH DIRECTIONS.

TAYLOR, J., and RAPP, V.C.J. (sitting by designation), concur.